```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x    Not for publication
                                                                :
In re:                                                          :    Chapter 11
                                                                :
Eric R. Braverman,                                              :    Case No. 25-12365-jpm
                                                                :
                                                                :
                    Debtor.                                     :
                                                                :
---------------------------------------------------------------x
```

**MEMORANDUM OPINION AND ORDER (I) GRANTING IN PART AND DENYING IN PART CENLAR FSB AS SERVICER FOR MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND (II) DENYING DEBTOR'S MOTIONS TO RECUSE THE UNITED STATES TRUSTEE**

## I.     INTRODUCTION

Before the Court are the Debtor's *Motion to Recuse Assigned Bankruptcy Analyst And For Conflict Screening Order*, dated November 25, 2025, Dkt. No. 22,[1] the supplement to that motion, dated November 26, 2025, Dkt. No. 27, the *Motion And Statement Regarding Spoliation Of The Record And Lack Of Supervision By The United States Trustee*, dated December 08, 2025, Dkt. No. 31, the *Consolidated Emergency Motion Order to Show Cause for Sanctions Against U.S. Trustee, IDI and Consolidated Edison*, dated December 12, 2025, Dkt. No. 34, the *Letter in re: Docket Restored*, dated January 7, 2026, Dkt. No. 51, and *the Motion For Immediate Ruling On Pending Motion To Recuse Assigned UST Analyst Or, In The Alternative, For Interim Administrative Screening And Reassignment: Administrative Integrity/Due-Process Motion* (Collectively, the "Recusal Motions"), dated January 12, 2026, Dkt. No. 56.  The Recusal Motions seek, inter alia, to recuse the U.S. Trustee personnel in this case for purported bias against the Debtor.

Also before the Court is Cenlar FSB as Servicer for Morgan Stanley Private Bank, National Association's ("Stay Relief Movant") *Motion for Relief From the Automatic Stay* ("Stay Relief Motion"), dated December 18, 2025.  Dkt. No. 36.  The Stay Relief Motion seeks to vacate the automatic stay and requests in rem relief as to the Debtor's residence, 200 Chambers Street Unit 26C, New York, NY 10007 ("Premises"), pursuant to 11 U.S.C. § 105(a) and § 362(d)(4),[2] such that any future bankruptcy filing by any party claiming an interest in the Premises would not trigger

---

[1] All references to "Dkt. No." refer to the docket entries in this case.  All page citations are to the pdf page numbers, as none of the filings in this case are paginated.

[2] The Stay Relief Motion requests relief pursuant to the Court's equitable authority under 11 U.S.C. § 105(a) because the Stay Relief Movant is the owner of the property, as opposed to a secured creditor, as provided for in § 362(d)(4).  Stay Relief Motion at 7, 9.

2

the automatic stay for a period of two years, or, in the alternative, for relief under § 362(d)(1) and (2). *Id.*

In opposition to the Stay Relief Motion, the Debtor has filed the *Emergency Motion To Enforce The Automatic Stay And For Preventive Injunctive Relief* ("Debtor's Stay Motion"), dated December 19, 2025, Dkt. No. 37, as well as the *Response And Emergency Motion In Response To Dkt. 36* ("Debtor's Opposition"), dated December 29, 2025, Dkt. No. 42. The Debtor's Stay Motion and the Debtor's Opposition seek to enforce the automatic stay as to the Debtor's residence.

The Court held a hearing on January 8, 2026.

## II. BACKGROUND

On October 27, 2025, the Debtor filed a voluntary petition for Chapter 11 relief. Pet., Dkt. No. 1. This is the Debtor's fourth bankruptcy case (his third for himself, and another for his business). *In re: Braverman*, No. 17-10524-mkv (Bankr. S.D.N.Y.) (filed 3/6/17; Ch.11 converted to Ch. 7, closed 10/2/19 after estate was fully administered); *In re: Place for Achieving Total Health Medical, P.C.*, No. 17-13478-mkv (Bankr. S.D.N.Y.) (filed 12/4/17; dismissed for cause 09/19/18); *In re: Braverman*, No. 23-11307-pb (Bankr. S.D.N.Y.) (filed 8/15/23; automatically dismissed 12/13/23).

### A. Debtor's Recusal Motions

On November 25, 2025, the Debtor first moved to recuse a certain United States Trustee analyst, who he purports has a conflict of interest in the form of a personal relationship with the Debtor's ex-wife and her father, and who has allegedly evinced bias against him by "ask[ing] [him] to justify [his] interpretation of New York state law" concerning whether two apartments were merged to form his residence, and has otherwise "taken the position . . . that the units were

3

'officially combined,' aligning with adverse creditor narratives." Dkt. No. 22. The Debtor's subsequent motions, collectively the Recusal Motions identified in the Introduction, *supra* p. 2, substantially repeat the same claim, and broaden the request to recuse certain attorneys from the U.S. Trustee's office, accusing that office of: not maintaining the record, as the Debtor purports there are missing or incomplete docket entries, by "not ensur[ing] that exhibit PDFs were actually uploaded," Dkt. No. 31 at 1; failing to "refer the Debtor to a Washington-level ADA supervisor," which the Debtor purports this Court ordered at a December 4, 2025 hearing, Dkt. 34 at 7; and addressing the Debtor as Mr. Braverman and not Dr. Braverman, and then lying to the Court about how many times this was done, *id.* at 45. The Debtor also asserts that "corrective action" is required even "without proof of actual bias." Dkt. No. 56 at 3.

### B. Stay Relief Motion

The Stay Relief Motion argues that the Stay Relief Movant obtained a Judgment of Foreclosure and Sale, entered June 18, 2024, and commenced eviction proceedings and obtained a Judgment of Possession and Warrant of Eviction on September 12, 2025. However, the Stay Relief Motion argues that the Stay Relief Movant is unable to enforce the Judgment and Warrant due to the instant bankruptcy case, which is the ninth[3] case filed by either the debtor or the alleged co-debtor, Darya Braverman, allegedly "with the sole intent of hindering, delaying and defrauding the creditor." Stay Relief Motion at 5. The Stay Relief Motion argues that "multiple and largely unprosecuted cases" furnish the basis for this conclusion of a "scheme to delay, hinder, or defraud," and specifically points to two such cases that were filed by the Debtor, *In re: Braverman*, No. 23-11307-pb (Bankr. S.D.N.Y.), which was automatically dismissed, and the present case, which is allegedly "a barebones filing, without any schedules." Stay Relief Motion at 6. Further, the Stay

---

[3] The Stay Relief Motion does not identify the nine cases.

4

Relief Motion argues that the Premises are not property of the estate, because the Debtor has no legal or equitable interest in the Premises. *Id.* at 10. The Stay Relief Motion also requests waiver of the 14-day stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(4). *Id.*

The Debtor's Stay Motion seeks to enforce the automatic stay, and argues that "[b]ecause the Debtor remained in actual possession of the premises at the time this Chapter 11 case was filed, the automatic stay applies notwithstanding any prior state-court rulings." Debtor's Stay Motion at 2. The Debtor's Stay Motion also argues he was not served or notified of any judgment of possession or eviction proceeding. *Id.* at 1–2.

The Debtor's Opposition argues that the Stay Relief Motion "is predicated on constitutionally defective service," although the Debtor acknowledges he "received a paper mailing," arguing that "[a]ctual notice does not cure constitutionally inadequate service." Debtor's Opposition at 4.[4] The Debtor's Opposition asks this Court to consider the Stay Relief Motion as a proof of claim. *Id.* at 5, 7–8. The Debtor's Opposition further argues that the "state-court eviction and possession orders" were inadequately served. *Id.* The Debtor's Opposition also alleges these defects in service are violations of the Americans with Disabilities Act. *Id.* at 6. The

---

[4] The Court here concludes that service of the Stay Relief Motion was proper. *Weigner v. New York,* 852 F.2d 646, 650 (2d Cir. 1988) ("[U]nder most circumstances, notice sent by ordinary mail is deemed reasonably calculated to inform interested parties that their property rights are in jeopardy." (citing *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 490 (1988))). The Stay Relief Motion certifies that it was mailed to the Debtor's home address. Stay Relief Motion at 12 (Certificate of Service). Federal Rule of Bankruptcy Procedure 4001(a) states that a "motion under § 362(d) . . . must comply with Rule 9014." That Rule, in turn, provides that motions "must be served within the time prescribed by Rule 9006(d) and in the manner for serving a summons and complaint provided by Rule 7004." Rule 9006(d) requires a motion to be served at least 7 days prior to the hearing date; the Stay Relief Motion was served on December 18, 2025, and the Debtor's Opposition, dated December 29, 2025, acknowledges receipt, Debtor's Opposition at 4, either of which is more than 7 days prior to the January 8, 2026 hearing. Rule 7004(b)(1) states that service can be effectuated on "an individual . . . by mailing the copy to the individual's dwelling or usual place of abode."

5

Debtor's Opposition also asserts that the Stay Relief Motion should be denied, because the Stay Relief Movant is a purported owner, not a creditor. *Id.* at 17–18. The Debtor's Opposition further argues that "[t]he Judgment of Foreclosure and Sale, the Referee's Report, and the Order confirming the Referee's Report" address only Unit 26C, and that "[n]o judgment, deed, or order conveys Unit 26D, nor authorizes possession or control of any merged or combined apartment." *Id.* at 18. The Debtor's Opposition makes other challenges to the state court proceeding leading to the eviction order, such as that the eviction order was "predicated on affidavits submitted by an attorney who . . . purported to testify as a fact witness," without being subject to cross-examination. *Id.* The Debtor's Opposition concedes the existence of a foreclosure sale as to Unit 26C, and that the Stay Relief Movant owns that property, but argues that "[b]ecause Unit 26D was never foreclosed, any assertion that the 'Property' is not estate property is legally false." *Id.* at 20–23, 30, 36–37. The Debtor's Opposition also argues that "[a]llegations of a 'scheme' require specific proof of intent and property-specific abuse, not conclusory numerosity." *Id.* at 25.

### III.    LEGAL ANALYSIS

#### A. Recusal Motions

A court may remove a trustee for "cause." 11 U.S.C. § 324(a). "The Bankruptcy Code does not define 'cause,' but decisional law generally requires a showing of actual fraud or injury to a debtor's interests." *In re Ampal-American Isr. Corp.*, 534 B.R. 569, 585 (Bankr. S.D.N.Y. 2015) (citation omitted); *see also* Collier on Bankruptcy ¶ 324.02 (Richard Levin & Henry J. Sommer eds., 16th) ("Generally, the courts will not remove a trustee absent fraud or injury."). "The party seeking removal must make a strong showing because the effect of removal is deleterious to the continuity of the administration of the estate." *In re Ampal-American Isr. Corp.*, 534 B.R. at 586. "[T]he requirement of § 324 of the Code that cause be shown before a trustee is

6

removed demands far more than . . . unsupported inferences." *In re Carla Leather, Inc.*, 44 B.R. 457, 473 (Bankr. S.D.N.Y. 1984). The Court has reviewed the Debtor's submissions, contained in the Recusal Motions identified in the Introduction, *supra* p. 2. The Court concludes that the Debtor has not made any showing – let alone a strong showing – of the various claims he makes against various personnel of the U.S. Trustee's office, which amount to no more than unsupported allegations of bias. *In re Ampal-American Isr. Corp.*, 534 B.R. at 586; *In re Carla Leather, Inc.*, 44 B.R. at 473. The Court therefore DENIES the Recusal Motions insofar as they seek the recusal of various personnel of the U.S. Trustee's office.

### B. Stay Relief Motion

11 U.S.C § 362(a) "operates as a stay, applicable to all entities, of … the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title," *id.* at (a)(2), as well as "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," *id.* at (a)(3).

A party in interest, however, can seek relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest," *id.* at (d)(1), or if "the debtor does not have an equity in such property; and . . . such property is not necessary to an effective reorganization," *id.* at (d)(2). Moreover, a secured creditor can seek relief from the stay "if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." *Id.* at (d)(4)(B).

      i. 11 U.S.C § 362(d)(4)

The Stay Relief Motion first seeks relief pursuant to the Court's equitable authority under

7

11 U.S.C. § 105(a) to grant, pursuant to 11 U.S.C § 362(d)(4), relief from the automatic stay, arguing that the Debtor "is a 'serial filer' who abuses the bankruptcy process to obtain the benefit of the automatic stay without any intention of completing the process." Stay Relief Motion at 7–8.

The Stay Relief Motion does little to argue the Debtor's purported scheme to delay, defraud, or hinder, apart from citing one prior filing by the Debtor, and the present case. Stay Relief Motion at 6. The Stay Relief Motion argues that "[t]he timing of the bankruptcy filings raise serious questions regarding Debtor's intent to hinder, delay and defraud Movant," *id.* at 9, but does not specify what those timing issues are, apart from stating that the instant case has made the Stay Relief Movant unable to enforce a judgment of possession and a warrant of eviction as to the Premises, *id.* at 5. The first case the Stay Relief Motion cites, *In re: Braverman*, No. 23-11307-pb (Bankr. S.D.N.Y.), commenced and concluded in 2023, prior to the Stay Relief Movant's ownership of the Premises. Stay Relief Motion at 5–6. Thus, the Stay Relief Motion is essentially relying on the timing of the present case. Although the Stay Relief Motion states that the present case is a "a barebones filing, without any schedules," *id.* at 6, the Debtor has now purported to file certain schedules, Dkt. Nos. 40, 53.

As the Stay Relief Motion acknowledges, it is the Stay Relief Movant's burden to support its motion. Stay Relief Motion at 8; *see, e.g., In re O'Farrill*, 569 B.R. 586, 591 (S.D.N.Y. Bankr. 2017) ("[T]he language [in section 362(d)(4)] was deliberately chosen by Congress to impose a substantial burden of proof on secured creditors." (citing 3 Collier on Bankruptcy ¶ 362.05[19][a])). The Court concludes that the Stay Relief Movant has not met its burden to demonstrate the Debtor's "scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings." 11 U.S.C. § 362(d)(4)(B). The Court therefore DENIES IN PART the Stay

8

Relief Motion.

### ii. 11 U.S.C § 362(d)(1), (2)

The Stay Relief Motion does not separately argue its alternative request for relief under 11 U.S.C. § 362(d)(1) and (2). However, the Stay Relief Motion does argue that the Premises are not property of the estate, and that one Bankruptcy Court in the Eastern District of New York, "[u]nder facts identical to those now before this Court," has "ruled that the automatic stay provisions of 11 U.S.C. 362 did not apply to the mortgagee, purchaser or referee appointed in the foreclosure proceedings." Stay Relief Motion at 10 (citing *In re Cretella*, 42 B.R. 526 (E.D.N.Y. 1984)).

The Debtor has conceded that the Stay Relief Movant owns the Premises, 200 Chambers Street Unit 26C, New York, NY 10007. Debtor's Opposition at 36–37 ("Movants are owners of the Property . . . Admitted only as to Unit 26C"). The Debtor also acknowledges that "[t]he Judgment of Foreclosure and Sale, the Referee's Report, and the Order confirming the Referee's Report" address Unit 26C, *id.* at 18, and "admit[s]" that a "[s]ale occurred pre-petition," *id.* at 37. However, the Debtor has also recorded in his purported schedules that he has a property interest in "Apartments 26C and 26D, located at 200 Chambers Street, New York, NY 10007." Dkt. No. 40 at 17. He also states that he asserts "possessory interests in Apartments 26C and 26D," and states that "[o]wnership . . . and possession rights are disputed." *Id.* Lastly, he writes that "Apartments 26C and 26D are separate condominium units," that "[n]o lawful condominium amendment or recorded merger extinguishing Unit 26D is known to the Debtor," and that "[t]he Debtor disputes any assertion that the foreclosure proceedings affected both units." *Id.* at 18.

The Debtor also includes in his submissions a 2024 Judgment of the Supreme Court of the State of New York of foreclosure and sale as to the Premises, 200 Chambers Street Unit 26C, New York, NY 10007, Debtor's Opposition at 44–54, and a notice of sale as to those Premises, *id.* at

9

55. The Court here also notes that the Stay Relief Movant has attached evidence that it recorded its ownership of the Premises with the New York City Department of Finance, Office of the City Register on August 23, 2024 – well before the present October 27, 2025 petition date. Stay Relief Motion at 16–35.

While the Debtor's submissions are not entirely consistent, the Court concludes that the Debtor is asserting an ownership interest in 200 Chambers Street Unit 26D, New York, NY 10007, but acknowledges the sale of the Premises to the Stay Relief Movant, and, as the Debtor explicitly states, that the Stay Relief Movant owns the Premises, 200 Chambers Street Unit 26C, New York, NY 10007. The Stay Relief Movant only seeks relief as to the Premises, 200 Chambers Street Unit 26C, New York, NY 10007, and does not seek relief as to Unit 26D.

Accordingly, as the Stay Relief Motion argues and the Debtor concedes, the Debtor filed the present petition after the Stay Relief Movant obtained ownership of the Premises. Stay Relief Motion at 5; *see In re Cretella*, 42 B.R. at 528–31. Therefore, the Stay Relief Movant does not need relief pursuant to 11 U.S.C. § 362(d)(1) and (2), as the Premises are not property of the estate triggering the automatic stay:

> [T]he purchaser of property at a real estate foreclosure sale conducted before the filing of the petition in bankruptcy divested the debtor of any interest in the property . . . . Absent an interest in the property, it cannot be regarded as property of his estate . . . . For the same reason, the automatic stay under Section 362 does not apply to the purchaser, the mortgagee or the Referee in the foreclosure proceedings.
>
> *In re Cretella*, 42 B.R. at 531–32.

The Court notes that the Court in *In re Cretella* was not ruling on a Stay Relief Motion; rather, the Court ruled on the debtor's motion for, inter alia, contempt against a deed-owner and a referee in a foreclosure action for purported violations of the stay, and denied that motion. *Id.* at 530. In line with *In re Cretella*, and in the interests of clarity that the Stay Relief Movant is

10

permitted to proceed with enforcement on its judgment of possession and warrant of eviction as to the Premises, 200 Chambers Street Unit 26C, New York, NY 10007, the Court GRANTS IN PART the Stay Relief Motion, to the extent that the automatic stay is in effect.[5] *In re Cretella*, 42 B.R. at 531–32. Further, to the extent necessary, the Court also GRANTS the request for a waiver of the 14-day stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(4).

While the Debtor's Stay Motion seeks to enforce the automatic stay, arguing that "[b]ecause the Debtor remained in actual possession of the premises at the time this Chapter 11 case was filed, the automatic stay applies notwithstanding any prior state-court rulings," Debtor's Stay Motion at 2, as the Court has now addressed, the Premises are not property of the estate subject to the protections of the automatic stay. The Court therefore DENIES the Debtor's Stay Motion.

## IV. CONCLUSION

The Recusal Motions are DENIED insofar as they seek the recusal of various personnel of

---

[5] As quoted above, a party in interest can seek relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest," 11 U.S.C § 362 (d)(1), or if "the debtor does not have an equity in such property; and . . . such property is not necessary to an effective reorganization," *id.* at (d)(2). The Code does not define the term "adequate protection," but offers three examples: 1) periodic payments; 2) an additional or replacement lien; or 3) an "indubitabl[y] equivalent" interest. 11 U.S.C. § 361. Courts have also cited the existence of an equity cushion as constituting adequate protection. *Wilmington Trust Co. v. AMR Corp. (In re AMR Corp.)*, 490 B.R. 470, 478 (S.D.N.Y. 2013) (citing cases). The Court notes that the Debtor has not provided any of these or anything comparable, but that the situation is somewhat inapposite to that contemplated by the statute, as here the Debtor has no interest in the Premises, such as an ongoing mortgage tied to a loan. Similarly, when calculating a Debtor's equity for purposes of § 362 (d)(2), courts evaluate whether "the debts secured by liens on the property exceed the value of the property." Collier on Bankruptcy ¶ 324.02 (Richard Levin & Henry J. Sommer eds., 16th); *see, e.g., In re Robinson*, No. 17-10275, 2019 Bankr. LEXIS 103, at *5–6 (Bankr. S.D.N.Y. Jan. 11, 2019). While a straightforward reading of this subsection could apply to the Debtor, as he has no equity in the Premises, the Court notes that the typical situation applying § 362 (d)(2) is to the context of a loan secured by collateral that has subsequently become underwater. *Id.*

11

the U.S. Trustee's office.

The Stay Relief Motion is DENIED IN PART, as the Stay Relief Movant has not met its burden as to 11 U.S.C § 362(d)(4), and is GRANTED IN PART as to 11 U.S.C § 362(d)(1)–(2), to the extent necessary, as the Debtor does not have equity in the premises located at 200 Chambers Street Unit 26C, New York, NY 10007, and the premises are not property of the estate. The Court also GRANTS the request, to the extent necessary, for a waiver of the 14-day stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(4).

For the same reason that the Stay Relief Motion is granted in part, the Debtor's Stay Motion is DENIED.

Dated: January 16, 2026                   /s/ John P. Mastando
    New York, New York           HONORABLE JOHN P. MASTANDO III
                                                         UNITED STATES BANKRUPTCY JUDGE