UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

In re:

Eric R. Braverman,

Debtor.

Chapter 11

Case No. 25-12365-jpm

**MEMORANDUM OPINION AND ORDER GRANTING THE MOTION OF THE UNITED STATES TRUSTEE TO DISMISS THIS CASE OR, IN THE ALTERNATIVE, TO CONVERT THIS CASE TO A CASE UNDER CHAPTER 7**

## I. INTRODUCTION AND BACKGROUND

Before the Court is the Motion Of The United States Trustee To Dismiss This Case Or, In The Alternative, To Convert This Case To A Case Under Chapter 7, dated August 20, 2026 ("Motion to Dismiss"). Dkt. No. 122.[1] The Motion to Dismiss notes that it has been ten months since the Debtor filed a petition for relief, but that he has still not filed a plan. *Id.* at 6. The Motion to Dismiss argues that cause to dismiss exists under 11 U.S.C. § 1112(b) due to the Debtor's failure to file monthly operating reports, provide proof of insurance as to apartments the Debtor claims he has an interest in, and pay quarterly fees. *Id.* As to the monthly operating reports, the Trustee states that "[t]he documents filed by the Debtor are a jumbled mess." *Id.*

The Court is also in receipt of the Debtor's Opposition to Dismissal or Conversion and Supporting Affirmation Concerning Substantial Assets, Prior Disclosures, and Claims Administration, dated September 18, 2026, Dkt. No. 128; the Debtor's Corrected Document 128 and Supplemental Opposition, dated September 22, 2026, Dkt. No. 129; and the Debtor's Supplemental Motion To Dismiss Or Deny ECF No. 122, Or Alternatively Hold It In Abeyance, Pending Provision Of A Functioning And Accessible UST Form 11-MOR, dated September 24, 2026, Dkt. No. 130.[2]

The Court held a hearing on the Motion to Dismiss on September 28, 2026.

## II. LEGAL ANALYSIS

### A. Standard of review

11 U.S.C. § 1112(b)(1) provides that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a

---

[1] All references to Dkt. No. refer to docket entries in this case.

[2] The Court also received email submissions from the Debtor dated September 23 and 25, 2026.

case under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]" "'[C]ause includes," inter alia, "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter," "failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any)," and "failure to pay any fees or charges required under chapter 123 of title 28[.]" 11 U.S.C. § 1112(b)(4)(F), (H), (K). The list of examples of cause under § 1112(b)(4) "is not exhaustive[,] and courts are free to consider other factors." *In re BH S&B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010) (citation modified). "Bankruptcy judges have wide discretion to determine whether cause exists to dismiss or convert a case under section 1112(b)." *Id.*

The Debtor's failure to file complete and accurate monthly operating reports is cause to dismiss the case. 11 U.S.C. § 1112(b)(4)(F), (H); *In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (finding failure to file monthly operating reports to constitute cause for dismissal or conversion); *In re Georgian Backyard LLC*, 661 B.R. 102, 105 (Bankr. E.D.N.Y. 2024) ("[A] debtor's failure to file operating reports constitutes cause for dismissal."); *see also, e.g., In re No Rust Rebar, Inc.*, 641 B.R.412, 428 (Bankr. S.D. Fla. 2022) ("[Debtor's] failure to timely provide the . . . U.S. Trustee with all of the required filings, reports, and information—particularly 'fulsome monthly operating reports'—was unexcused and supports a finding of cause." (citing *In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 716–17 (Bankr. D. Md. 2011) (finding cause under § 1112(b)(4)(F) where the debtor's monthly operating report "contain[ed] deficiencies"))).

**B. <u>Motion to Dismiss</u>**

The Court agrees with the Trustee that the Debtor "has failed to fulfill his obligations to file accurate, complete monthly operating reports." *In re Giuliani*, 661 B.R. 493, 502 (Bankr.

S.D.N.Y. 2024); Motion to Dismiss at 6–7. Most of the Debtor's submissions – while lengthy, repetitive, and sprawling – are simply non-responsive to the Trustee's simple argument that the Debtor has failed to file monthly operating reports. *See* Dkt. Nos. 128–30. Indeed, the Debtor does not seem to contest the Trustee's position that the Debtor has failed to file the monthly operating reports, and seemed to concede as much at the September 28, 2026 hearing. *See, e.g.,* Dkt. No. 129 (stating that the Debtor "repeatedly *attempted* the official MOR process" (emphasis added), i.e., stating that he never completed the official forms); Dkt. No. 130 at 4 ("Debtor . . . remained unable to generate and print the prescribed UST Form 11-MOR[.]"), 5 ("Debtor has *attempted* to comply, but the required electronic form has not functioned reliably. . . . Debtor remained unable to generate and print a functioning completed Form 11-MOR." (emphasis added and all caps removed)). The Debtor's written submissions point to purported monthly operating reports filed on the docket, but none of those submissions are on an official form. Dkt. No. 128 at 9 (citing Dkt. Nos. 79, 105, 116, 119); Dkt No. 129 at 2. The Court agrees with the Trustee that, one consequence of not filing these submissions on the official forms, is that they are a "jumbled mess," Dkt. No. 122 at 6, are incomplete, and they impede the Trustee's ability to administer the estate.

The Debtor's only argument to the contrary are his statements that the official form to submit the monthly operating reports was somehow unavailable or unusable to him, due to technical issues. Dkt. No. 128 at 9; Dkt No. 129 at 2. But the Trustee in this case has sent or caused to be sent to the Debtor the required form or instructions on how to access the required form multiple times, *see* Dkt. No. 122 at 3–4 (describing emails sent from the United States Trustee's office to the Debtor between November 4, 2025 and April 24, 2026), and in any event "[t]he failure to file monthly operating statements required by the Trustee's operating guidelines,

*whether based on inability to do so or otherwise*, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceedings," *In re Tornheim*, 181 B.R. at 164 (emphasis added) (citation modified).

The Court further agrees with the Trustee that there are not "unusual circumstances in this case that would establish that conversion or dismissal is not in the best interests of the creditors and the estate." Dkt. No. 122 at 9–10; 11 U.S.C. § 1112(b)(2) ("The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate."). The Court similarly concludes that dismissal as opposed to conversion is in the best interests of the creditors and the estate, given the Debtor's dilatory conduct and failure to satisfy his obligations. Dkt. No. 122 at 10.[3]

## III. CONCLUSION

The Motion to Dismiss is GRANTED.

Dated: September 28, 2026
New York, New York

/s/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE

---

[3] The Court notes without deciding that the Trustee's subsequent argument that cause to dismiss exists due to the Debtor's failure to provide proof of insurance as to apartments the Debtor has claimed an interest in may have become moot following the Debtor's July 2026 eviction. Motion to Dismiss at 7–8. However, the Debtor has also not amended his schedules claiming an interest in the apartments or updated his home address of record.

The Court also notes that, at the September 28, 2026 hearing, the Trustee stated that the Debtor had cured the $250 arrears in quarterly fees cited in the Motion to Dismiss. However, as argued by the Trustee, "the United States Trustee is unable to determine the exact dollar amount owed by the Debtor" due to the Debtor's failure to file monthly operating reports. Dkt. No. 122 at 5 n.2, 8–9. This thus could furnish further grounds for cause for dismissal. 11 U.S.C. § 1112(b)(4)(K) (cause to dismiss includes "failure to pay any fees or charges required under chapter 123 of title 28[.]").